Filed 2/25/21  P. v. Chegaiyama CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Mono)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>GEORGE EMMANUEL CHEGAIYAMA,<br><br>    Defendant and Appellant. | C090547<br><br>(Super. Ct. No. MFE15003165) |

Appointed counsel for defendant George Emmanuel Chegaiyama filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested following a lengthy high-speed police pursuit after he failed to comply with an attempted traffic stop and drove recklessly. Defendant was charged with felony reckless evading (Veh. Code, § 2800.2, subd. (a)—count I); possession of marijuana for sale (Health & Saf. Code, § 11359—count II); transportation of more than one ounce of marijuana for sale (Health & Saf. Code, § 11360, subd. (a), (3)(D)—count III); an infraction for driving without a license (Veh. Code, § 12500, subd. (b)—count IV); and felony failure to appear while on bail (Pen. Code, § 1320.5— count V).[1] As to counts I through III, the information alleged a prior strike based on a burglary conviction (§ 667, subds. (b)-(i)) and an enhancement for a prior prison term (§ 667.5, subd. (b)). It was further alleged as to counts I, III, and V that defendant committed a felony while released on bail. (§ 12022.1, subd. (b).) It was further alleged that upon a conviction for counts I, III, or V, defendant was ineligible for probation and faced a mandated prison sentence. (§ 667, subd. (c)(4).)

While the parties were preparing for trial, defendant filed a motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, asking the court to dismiss the prior strike under its powers pursuant to section 1385. After hearing argument, the court denied the motion. Defendant also filed a motion for substitution of counsel under *People v. Marsden* (1970) 2 Cal.3d 118, which the court heard and denied.

Pursuant to a plea agreement, defendant pleaded guilty to felony reckless evading and admitted the prior strike and out-on-bail allegations. In exchange for defendant's plea, the remaining counts and allegations were dismissed. The trial court sentenced defendant to an aggregate term of six years in prison, comprised of two years for the reckless evading (Veh. Code, § 2800.2, subd. (a)), doubled for the prior strike (§ 667,

---

[1]     Undesignated statutory references are to the Penal Code.

subds. (b)-(i)), and a consecutive two years for the out-on-bail enhancement (§ 12022.1, subd. (b)). The court ordered defendant to pay a conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (§ 1465.8), a jail booking fee of $25 (Gov. Code, § 29550), an emergency medical air transport "EMAT" fee of $4 (Gov. Code, § 76000.10), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation fine, which was stayed pending successful completion of parole (§ 1202.45). The court awarded custody credit in the amount of 1,228 days (614 actual and 614 conduct).

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
DUARTE, J.

_____/s/_____
RENNER, J.

4